FEBRUARY 24, 1999

No. A–706 (98–1368).   STEWART, DIRECTOR, ARIZONA DEPARTMENT OF CORRECTIONS, ET AL. v. LAGRAND.   C. A. 9th Cir. Application to vacate stay of execution of sentence of death, presented to JUSTICE O'CONNOR, and by her referred to the Court, granted.   JUSTICE GINSBURG would deny the application to vacate stay of execution.

JUSTICE STEVENS, dissenting.

The State has filed a petition for certiorari in No. 98–1368 raising the following four questions:

"1. Has the Ninth Circuit opinion holding that execution by lethal gas constitutes cruel and unusual punishment under the Eighth Amendment, created a conflict among the circuits requiring this Court to resolve the constitutionality of Arizona's method of execution?

"2. Does an inmate who chooses to be executed by lethal gas, rather than the available constitutional method of lethal injection, waive his right to complain that lethal gas is unconstitutional?

"3. Whether an inmate who failed to timely raise an argument about the unconstitutionality of lethal gas in state court has shown cause by claiming that it would have been futile for his appellate lawyer to raise the claim even though lethal gas was the only method of execution at the time the inmate was sentenced? Whether the inmate can show cause for his procedural default by claiming that factual information about lethal gas was unavailable even though numerous executions by lethal gas had occurred over the previous five decades?

"4. Whether application of a ruling declaring lethal gas an unconstitutional method of execution is a new rule being applied on collateral review in derogation of *Teague* v. *Lane*[, 489 U. S. 288 (1989)?]" Pet. for Cert. (i).

In my opinion, all four of these questions presented in the State's petition for certiorari merit this Court's attention. I would, therefore, grant that petition and allow the stay to remain in place. Otherwise, the case may become moot.